IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-99-372 S (7) |
| | § | |
| YESENIA LEAL, | § | |
|     Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING "MOTION TO ELIMINATE
ENHANCEMENTS AND REDUCE SENTENCE"**

**I. BACKGROUND**

Defendant Yesenia Leal ("Leal") was sentenced by this Court on August 3, 2000. (D.E. 142). Judgment was entered on August 8, 2000. (D.E. 149). Leal did not file a timely notice of appeal. On January 11, 2006, the Clerk received from Leal a "Motion to Eliminate Enhancements and Reduce Sentence," (D.E. 194), now pending before the Court and addressed herein.

In her motion, Leal relies on the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). She argues that her Sixth Amendment rights were violated because her sentence was enhanced based on facts not found by a jury beyond a reasonable doubt nor admitted by her. She requests "a review of this case and a sentence reduction

1

eliminating the enhancements in this case." (D.E. 194 at 3). For the reasons set forth herein, the motion is DENIED.[1]

## II. CHARACTERIZATION OF MOTION

Nowhere does Leal's motion identify the statute pursuant to which she seeks relief in this Court. While the proper vehicle for her challenge is a motion pursuant to 28 U.S.C. § 2255, her motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce her sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe her motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

The Court further notes that, even if Leal had styled her motion as a § 2255 motion, she would not be entitled to relief under Booker. The Fifth Circuit has squarely held that Booker is not retroactively applicable on collateral review. United States v. Gentry, __ F.3d __, 2005 WL 3317891 (5th Cir. Dec. 8, 2005). Thus, even if her claim were asserted in a § 2255 motion, it would be denied on its merits. Booker does not provide a basis for

---

[1] Her motion also contains other allegations in support of her Booker claim, none of which appear to be intended as separate and independent grounds for relief. To the extent she intended those allegations to constitute independent grounds for relief, she may file a separate motion raising those claims. Any § 2255 motion by Leal, however, is likely to be barred by the applicable statute of limitations.

relief to a defendant such as Leal, whose conviction became final before the case was decided on January 12, 2005. Gentry, 2005 WL 3317891, *6 and n.2.

### III. CONCLUSION

For the foregoing reasons, Leal's motion (D.E. 194) is DENIED. To the extent she intended to file a § 2255 motion asserting grounds for relief other than a Booker claim, her motion is DENIED WITHOUT PREJUDICE to her ability to file a proper § 2255 motion in the future. But see supra note 1 (concerning likelihood that any such motion would be barred by the applicable statute of limitations).

Ordered this 24th day of January, 2006.

_____
HAYDEN HEAD
CHIEF JUDGE